# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DIVISION OF TEXAS
# BEAUMONT DIVISION

No. 1:03-CR-145

United States of America

v.

James Alvin Godfrey

                                      Defendant

Report and Recommendation of United States Magistrate Judge
Re: Defendant's Motion to Withdraw

This report addresses defense counsel's "Motion to Withdraw" (Dkt. No. 137).[1] At the hearing on January 27, 2010, the court heard from both defendant and his counsel. The undersigned found that there is no basis for concluding that counsel has a conflict of interest or other impediment that would constitute ineffective assistance of counsel.

In absence of such evidence, there is no legitimate basis for granting the motion relating to withdrawal of defendant's court-appointed counsel. In <u>United States v. Moore</u>, 706 F.2d 538, 540 (5th Cir. 1983), the court held that:

---

[1] This case is assigned to Hon. Marcia A. Crone. Defendant's motion was referred to the undersigned for report and recommendation on January 5, 2010.

Page 1 of 3

> A defendant is entitled to counsel capable of rendering competent, meaningful assistance in the preparation and trial of the pending charges, including appropriate evaluation and advice with reference to a plea of guilty. A defendant is not entitled to an attorney who agrees with the defendant's personal view of the prevailing law or the equities of the prosecutor's case. A defendant is entitled to an attorney who will consider the defendant's views and seek to accommodate all reasonable requests with respect to trial preparation and trial tactics. A defendant is entitled to appointment of an attorney with whom he can communicate reasonably, but has no right to an attorney who will do docilely as he is told. Every defendant is entitled to the assistance of counsel dedicated to the proposition, and capable of assuring that, the prosecution's case shall be presented in conformity with the Constitution, rules of evidence and all other controlling rules and practices. No defendant has a right to more.

Here, the court has provided defendant with such counsel. If defendant deliberately chooses not to cooperate, assist, and communicate with counsel, he cannot later complain. Autry v. McKaskle, 727 F.2d 358, 361 (5th Cir. 1984)) ("By no measure can [the defendant] block his lawyer's efforts and later claim the resulting performance was constitutionally deficient.").

## RECOMMENDATION

It is therefore recommended that defense counsel's "Motion to Withdraw" (Dkt. No. 137) be denied.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, see Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate

review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, see Douglas v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

SIGNED this 28 day of January, 2010.

_____
Earl S. Hines
United States Magistrate Judge